*11746*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

**MARIMED SHIPPING INC.,**

08 CV 0883

Case No.

Plaintiff,

- against -

**VERIFIED COMPLAINT**

**HEAVEN'S GATE SHIPPING INC. &
BRAMPTON SHIPPING S.A.,**

Defendants.

------------------------------------------------------x

Plaintiff, **MARIMED SHIPPING INC.,** (hereinafter "**MARIMED**"), by its

attorneys, **JUNGE & MELE, LLP**, complaining of the Defendants, **HEAVEN'S GATE**

**SHIPPING INC. & BRAMPTON SHIPPING S.A.,** (hereinafter "**CHARTERERS**"),

alleges as follows:

1. This is a case of admiralty jurisdiction pursuant to 28 U.S.C. §1333(1), and an

action in aid of foreign arbitration pursuant to the Arbitrations Act, 9 U.S.C. §1, *et seq.*,

and the New York Convention on the Recognition and Enforcement of Foreign Arbitral

Awards, 9 U.S.C. §201, *et seq.*, and maritime claim within the meaning of Rules 9(h) and

38(e) of the Federal Rules of Civil Procedure.

2. At all times relevant, Plaintiff, **MARIMED**, was a foreign business corporation

with an office located at 27 Fishers Lane, London, United Kingdom W4 1RX.

3. At all times relevant, **CHARTERERS** were foreign business corporations, with

their registered offices located at Hong Kong Bank Building, Sixth Floor, Samuel Lewis

Avenue, Panama City, Panama.

4. **MARIMED**, as disponent time-chartered owner of the vessel *Abeer*, sub-chartered the vessel to **CHARTERERS** for a voyage from India to ports in the Mediterranean/Continental Europe range, as more fully set forth in the attached voyage charter "fixture recap" message, a true copy of which is annexed hereto as *Exhibit "1."*

5. Thereafter, **CHARTERERS** did not tender proper and timely re-delivery notices, but did eventually declare that the vessel would discharge at Rotterdam or Ghent; on the basis of these notices, which were also tendered to the vessel's head owners, the said head owners fixed the vessel's next employment from the Baltic Sea area; however, **CHARTERERS** subsequently declared La Coruna as the sole discharge port; this, in turn, was rejected by head owners who insisted that **CHARTERERS** bring the vessel into the re-delivery range in accordance with **CHARTERERS** original re-delivery notices which are irrevocable under English law once the nomination of the discharge port is declared; thereafter, the vessel was discharged at La Coruna in accordance with the re-stated instructions of **CHARTERERS**.  True copies of the notices of re-delivery forwarded by **CHARTERERS** on January 4 and 18, 2008 are annexed hereto as *Exhibit "2."*

6. Pursuant to the terms of the governing charter party between **MARIMED** and **CHARTERERS,** any disputes arising under their agreement is to be subject to arbitration in London under English law, and this action is being brought in aid of such arbitration, either pending or contemplated.

2

7.  As a consequence of **CHARTERERS** actions in violation of English law, **MARIMED** sustained damages on account of its liability to the vessel's head owners to re-position the vessel in the Rotterdam or Ghent range.

8.  Under the governing charter party, **CHARTERERS** are liable for breach of contract with **MARIMED** for damages in the amount of $100,898.43, as more fully set forth at length in **MARIMED**'s Claim Statement dated January 23, 2008,  a true copy of which is annexed hereto as *Exhibit "3."*

9.  In the arbitration in London, **MARIMED** expects to recover from **CHARTERERS**  approximately $130,000.00, calculated as follows: on its principal claim, the amount of $100,898.43; and on its claim for legal expenses and interest in arbitration, an amount to be determined.

10.  Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire, or credits including but not limited to electronic fund transfers in the hands of garnishees in this district, including but not limited to the following:

1.      Bank of China

2.      HSBC (USA) Bank

3.      Bank of New York Mellon

4.      Barclay's Bank

3

5.    JPMorgan Chase Bank

6.    Wachovia Bank

7.    Bank of America, N.A.

8.    American Express Bank

9.    Citibank, N.A.

10.   Standard Chartered Bank

11.   UBS, A.G.

12.   BNP Paribas

13    Calyon Bank

14.   Bank of Commerce

15.   Deutsche Bank

WHEREFORE, Plaintiff prays for the following relief:

1.  That process in due form of law according to the practice of this Court be issued against Defendants and that Defendants be cited to appear and answer the allegations herein;

2.  That since Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by garnishees including, but not limited to, the aforementioned garnishees in

4

this District, which are due and owing or otherwise the property of Defendant, up to the amount of $130,000.00, to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in this Verified Complaint.

       3. That such property attached pursuant to the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims as they may be embodied in any award issued in arbitration in London.

       4. That Plaintiff have judgment against Defendants for any of its property attached in this District up to an amount of $130,000.00, and that said property be condemned to satisfy any such Judgment; and

       5. That Plaintiff have such other and further and different relief as may be just and proper, including judgment against defendant, along with interest, costs and disbursements as allowable under law.

Dated in the City of New York on January 24, 2008

                      Respectfully submitted,

                      JUNGE & MELE, LLP
                      *Attorneys for Plaintiff*

                      Peter A. Junge (PJ-0745)
                      29 Broadway
                      New York, NY 10006
                      (212) 269-0061

*11746 Verified Complaint.wpd*

## VERIFICATION

PETER A. JUNGE declares as follows:

1.     I am admitted to the bar of this Honorable Court and am a partner in the

firm of Junge & Mele, LLP, attorneys for Plaintiff.

2.     I have read the foregoing Complaint and I believe the contents thereof are

true.

3.     The reason this Verification is made by deponent and not by Plaintiff is that

Plaintiff is a foreign corporation, no officers or directors of whom are within this

jurisdiction.

4.     The sources of my information and belief are documents provided to me

and statements made to me by Plaintiff.

5.     I declare under penalty of perjury that the foregoing is true and correct.

Dated in the City of New York on January 24, 2008

_____

Peter A. Junge

# EXHIBIT "1"

## Reception_cph CphReception

| | |
|---|---|
| **From:** | Alexey Kuzmis [alexey@marimed.co.uk] |
| **Posted At:** | Fri 07. Dec 2007 16:18 |
| **Conversation:** | mv Abeer - HGS |
| **Posted To:** | Microsoft Office Outlook Embedded Message |
| **Subject:** | mv Abeer - HGS |

All/Alexey

Recap
Q
ONFIRM HAVING AGREED MAIN TERMS ASF, FGOS PLS KINDLY CONFIRM RECAP IN ORDER
WITH YR NOTES:

ACCT HEAVENS GATE SHIPPING INC OF PANAMA OR NOM (NOM IF USED WILL BE BRAMPTON
SHIPPING SA PANAMA)

NEGO/FIXTURE TO BE KEPT STRICTLY PHC
-----------------------------------------------
PLSE REPLY TO QUESTIONNAIRE AS BELOW WHICH TO BE INCORPORATED IN ANY C/P

M/V " ABEER " - EX " DD TRADER "
EX NAME        :M/V "LADY P"  M/V "OCEAN ATLAS"
TYPE           :BULK / LUMBER CARRIER
FLAG           :ST. VINCENT AND GRENADINES
BUILDER        :MINAMINIPPON  SHIPBUILDING CO., LTD.
YEAR BUILT     :1984
L.O.A.         :160.0 M
BREADTH MOULDED:24,4
DEADWEIGHT     :23911 MT
SUMMER DRAFT   :9.928 M

| TONNAGE | NATIONAL | SUEZ | PANAMA |
|---|---|---|---|
| GROSS TONNAGE | 14147 HKG | 14508,54 | 15091,32 |
| NET TONNAGE | 8373 HKG | 12532,01 | 11755,85 |

NO. OF DECK  : SINGLE
NO. OF HOLDS : 4
CARGO GEAR   : 3 X 25 LT CRANES
GRAIN/BALE   : 30546.1M3 / 29211.4M3
Speed
Laden/Ballast  :     abt  12.0 knots - 18 mt IFO 180sst RME 25 ISO 8217
At sea             :      2.0 mt/day
At port            :      idle  -       1.5 mt/day
                   :      cargo -       2.2 mt/day

ADA AND WOG

WITH REF TO VSLS SPEED AND CONSUMPTION, ABOUT IS TAKEN TO MEAN AN ALLOWANCE OF
0.5KN ON SPEED AND 5PCT ON VSLS CONSUMPTION.

PLSE CONFIRM
CONSTS MAX .... MT INCL F.W.

< + +

LAST 3 CARGOES - steel(last), pipes, steel

SUPPLY COPIES OF FOLL CERTS:
ISM
DOC

22.01.2008

SMC
CLASS
P+I
H+M UNDERRITERS

OWNS CONFIRM VSL HAS OPERATIONAL FW EVAPORATOR MAKING ABT ..MT FW PER
AT SEA DAY AND VSLS FW CONSUMPTION PER DAY IS ABT .. MT   checking with owners

CHARTS OPTION TO PERFORM 'POLLING' (CHECKING VSLS POSITION VIA SATELLITE) OF
THE VSL DURING THIS C/P.

DELIVERY ON DLOSP MUMBAI ATDNSHINC

0001 HRS 15 DEC/2359 HRS 20 DEC 2007
ETA MUMBAI 15.12.07
ETC MUMBAI 18/19.12.07
AGW WP WOG

1 TCT VIA SA'S SB'S SP'S ALW AFL VIA INDIA/MED-ADR-CONT-BL SEA IN/OUT OF
GEOG ROT INT BULK GRAIN/GRAIN PRODS/APRODS IN BULK, SUB TO VSLS
CARGO/TRADING EXCL

REDELY DLOSP 1SP OR PSG SKAW-BSEA (EXCL AZOV SEA) RANGE INCL UK AND
MOROCCO OR IN CHOPT IF LAST PORT ADRIATIC THEN PSG CAPE PASSERO
SOUTHBOUND RANGE ATDNSHINC

HIRE USD 31,000 DAILY INCLOT

REDELY DLOSP 1SP OR PSG CONTINENT-BSEA(EXCL AZOV SEA) RANGE INCL UK AND
MOROCCO OR IN CHOPT IF LAST PORT ADRIATIC THEN PSG CAPE PASSERO SOUTHBOUND
RANGE ATDNSHINC

BUNKERS ON DELIVERY AS ON BOARD TO BE ABOUT 400-450 MT IFO AND ABT 20-40
MT MDO BUNKERS ON REDELY ABOUT 300 MT IFO AND ABT 20-40 MT MDO. CHARTS
ON DELY AND OWNS ON REDELY TO TAKE OVER BUNKERS REMAINING ON BOARD AT
USD 550 PMT IFO AND USD 890 PMT MDO

ILOHC USD3,500 LSUM

C/V/E USD1,250 PM PR

VESSEL ON ARRIVAL AT FIRST LOAD PORT TO HAVE HOLDS AND HATCHES CLEAN,
CLEAR, WASHED AND DRIED, FREE OF LOOSE RUST FLAKES/SCALES, INSECTS AND
RESIDUES AND/OR ODOURS OR PREVIOUS CARGOE/S AND IN EVERY WAY BE READY
AND SUITABLE TO LOAD THE INTENDED CARGO TO INDEPENDENT SURVEYORS
SATISFACTION, MUTUALLY APPOINTED BY CHARTS/OWNERS. SHOULD VESSEL BE
REJECTED BY SURVEYORS, VESSEL TO GO OFF HIRE FROM TIME OF REJECTION
UNTIL SUCCESFULLY PASSING INSPECTION.

CHARTS ARE ALLOWED TO CHANGE THE DISCH PORT/S AND/OR NOTIFY PARTY AND/OR
TO ORDER PARTY AND/OR SHIPPERS NAMED IN THE ORIGINAL BILLS OF LADING AND MARK
BS/L 'FREIGHT PAID OR FREIGHT PREPAID' AND TO MAKE OTHER ALTERATIONS AS
REQUIRED IN ORDER TO COMPLY WITH THE LETTER OF CREDIT PROVIDED THE COMPLETE SET
OF THE ORIGINAL BILLS OF LADING ARE DELIVERED UPTO GFI IN LONDON AT THE SAME
TIME AS THE NEW SET OF BILLS OF LADING ARE RELEASED BY GFI AND PROVIDED OWNS
HAVE APPROVED THE DRAFT NEW SET OF BILLS OF LADING. CHARTS GTEE TO MARK
ORIGINAL BILLS NULL AND VOID AND RETURN THESE TO THE OWNS AND WILL ALSO GIVE
OWS AN LOI HOLDING THEM HARMLESS FM THE CONSEQUENCES OF MAKING THE ABOVE
CHANGES.

3.75PCT ADD COMM + 1.25PCT GFI

SUB CHECKING OWNS B2B CP

22.01.2008

SUB STEM/SHPPRS/RECVRS APP AND QUESTIONNAIRE LATEST 1100 HRS LONDON MONDAY 10
DEC 07

+

QUESTIONNAIRE WHICH TO BE INCORPORATED IN C/P
1. CALL SIGN
2. IMMARSAT/TLX :
3. VSL IS SD/SELFTRIMMING BC/E-B AFT AUSTRALIAN HOLD LADDER FITTED
   ALT HOLD LOAD/STRENGTHENED FOR HEAVY CARGO SUITABLE FOR GRAB
   DISCHARGE NO CENTER LINE BULKHEADS
4. GRT/NRT
5. SUEZ GRT/NRT
6. VSSL TO HVE ITC 69 ON BOARD
7. CUBIC BREAKDOWN GRAIN IN MH ONLY
8. TPC FULLY LADEN
9. PORT CONSUMPTION WHEN IDLE/WHEN WORKING 24HRS
10. HATCH DIMENSIONS
11. HATCHCOVER TYPE
12. CRANE/DERRICK DESCRIPTION NUMBER CAPACITY/HOISTING SPEEDSWINGING
    SPEED/MAX OUTREACH FROM SHIPS' RAIL/ALL CRANES FITTED WITH HOOKS -
    N/A
13. BUNKER CAPACITIES AT 95 PC
    IFO -
    MDO -
    PUMPABLE FIGURES IFO/MDO
14. MAX CONSTANTS EXCLUDING FW
15. FW CAPACITY
16. VSSL TO BE HIGHEST LLOYDS OR EQUIVALENT - NAME OF CLASSIFICATION
    SOCIETY
17. VSSL TO HVE A VALID ITF OR EQUIVALENT AGREEMENT IN FORCE
    THROUGHOUT THE CHARTER.
18. LAST D/D AND SS - DATE AND PLACE
19. LAST 3 CARGOES-
20. HEADOWNERS NAME LOCATION
21. MANAGERS FULL STYLE
22. DISPONANT OWNERS LOCATION
23. H+M VALUE
    OWNS CONFIRM THAT VSSL IS 100 PCT COVERED WITH IST CLASS
    INSURANCE CO.
24. P-I CLUB :
    VSSL COVERED FOR ENTIRE DURATION OF THE CHARTER
    OWNS/MANAGERS TO FAX CONFIRMATION VSSL FULLY COVERED.
25. MASTER'S NATIONALITY/NAME - MASTER IS TO BE FLUENT IN
    ENGLISH
26. CREW - NUMBER + NATIONALITY
27. DISTANCE FROM TANK TOP TO TOP OF HATCH COAMING IN HEAVY/LIGHT
    BALLAST
28. WHEN VSL LAST PERFORMED UNDERWATER CLEANING
29. OWNERS BANK DETAILS


Best regards,
Alexey Kuzmis
Marimed Shipping London

As agents only,


22.01.2008

# EXHIBIT "2"

# BRAMPTON SHIPPING S.A.

Hong Kong Bank Building, Sixth Floor, Samuel Lewis Avenue, Panama

# Fax

| **To:** | OWNERS MV " ABEER" | **C/O:** | GFI GROUP |
|---|---|---|---|
| **Fax:** | 020 7877 8062 | **Pages:** | One |
| **Date:** | 4TH JANUARY 2008 | | |
| **Re:** | MV "ABEER" / | | |
| | BRAMPTON SHIPPING | | |

VESSEL EXPECTED TO REDELIVER CONT/MED ON/ABOUT 18/01/08 AGWWP UCE.

Regards

Brampton Shipping

HONG KONG BANK BUILDING,
SIXTH FLOOR, SAMUEL LEWIS AVENUE,
REPUBLIC OF PANAMA.

**HEAVEN'S GATE
SHIPPING INC**



**Fax**

| To: | OWNERS MV "ABEER" | C/O: | GFI GROUP |
|---|---|---|---|
| Fax: | 020 7877 8062 | Pages: | ONE |
| Date: | 18TH JANUARY 2008 | | |
| Re: | MV "ABEER" / HEAVEN'S GATE SHIPPING | | |

☐ **REVISED REDELIVERY NOTICE**

VESSEL WILL BE REDELIVERED ON DLOSP LA CORUNA ON/ABOUT 24-01-08 AGWWP UCE BASED ON CONTRACT DISCHARGE RATE OF 5000MT / DAY.

REGARDS

HEAVEN'S GATE SHIPPING

TOTAL P.001

# EXHIBIT "3"



# Marimed

To :Heaven's Gate Shipping Inc/Brampton Shipping S.A
Hong Kong Bank Building ,
Sixth Floor, Samuael Lewis Avenue
Panama

23rd Jan.2008

### Claim Statement
### Re : M/V Abeer- HGS/Brampton c/p dated 10.12.2007

For costs incurred due HGS/Brampton's failure to redeliver the above
mentioned vessel at Ghent ,in accordance with their valid  redelivery
notices.

Sailing distance from last discharge  port,  La Coruna to Ghent = 756 NM
Vessel's speed          =   12 KN

Sailing time  756/12/24     = 2.625 days

**Monetary Claim**

**Sailing Time**

| | |
|---|---|
| 2.625 days at  Usd 31,000 per day | Usd  81,375.00 |
| Less 3.75 pct add.comm | 3,051.56 |
| Net amount | Usd  78,323.44 |

**Bunkers consumpion**

| | |
|---|---|
| 2.625 days x 18.00 mt Ifo   x Usd 400.00 pmt | Usd   18,900.00 |
| 2.625 days x  2.00 mt Mdo x Usd 700.00 pmt | Usd    3,675.00 |
| | ============ |

**Total Claim**                                      **Usd 100,898.43**

**The amount of Usd 100,898.43 is to be remitted to following bank
account:**

BANK LEUMI (UK) PLC
20 STRATFORD PLACE
LONDON W1C 1BG
SWIFT: LUMIGB22WES
IBAN NO.: GB22LUMI30149568379002
USD ACCT NO.: 0068379002
FAVOUR OF: MARIMED SHIPPING INC
CORRESPONDENT: DEUTSCHE TRUST AMERICAS, NEW YORK
SWIFT: BKTRUS33
ACCT NO. 04416476

Marimed Shipping Inc.

Marimed Shipping Inc. - 80 Broad Street, Monrovia, Liberia
Correspondence Address: c/o T L T - Sea Container House, 20 Upper Ground, London SE1 9LH, United Kingdom

marimed-group.com